UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 0 7 2019

Trustees Of The New York City District Council
Of Carpenters Pension Fund, Welfare Fund,
Annuity Fund, and Apprenticeship, Journeyman
Retraining, Educational and Industry Fund, *et al.*,

           Petitioners,

       –v–

Metropolitan Exposition Services, Inc.,

           Respondent.

19-cv-149 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is Petitioners' motion to confirm an arbitration award against

Respondent Metropolitan Exposition Services, Inc. Dkt. No. 1, Pet. to Confirm Arbitration

Award ("Pet."). Because Respondent has failed to appear, the motion is unopposed. For the

following reasons, the Court grants the motion to confirm the arbitration award.

## I.    Background

    Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund,

Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and

Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; the New

York City and Vicinity Carpenters Labor Management Corporation (the "Funds"); and the New

York City District Council of Carpenters (the "Union") are employer and employee trustees of

multiemployer labor-management trust funds, trustees of a charitable organization, a not-for

profit corporation, and a labor organization. Pet. ¶¶ 4-7. Respondent is a foreign business

corporation incorporated in New Jersey. Pet. ¶ 8. On July 1, 2001, Respondent executed an

1

Independent Convention and Exhibition Field Agreement (the "CBA") with the Union. Pet. ¶ 9; see Pet. Ex. A; Pet. Ex. B. The terms of the CBA were later extended to the present. Pet. ¶ 10. The CBA also binds employers to the Funds' Collection Policy. Pet. ¶ 18; Pet. Ex. A; Pet. Ex. E.

Under the CBA, Respondent must remit contributions to the Funds for all employees for every hour worked by Respondent's employees within the trade and geographical jurisdiction of the Union. Pet. ¶ 13. The CBA requires Respondent to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions. Pet. ¶ 14. As set forth in the Funds' Collection Policy, in the event that an employer refuses to comply with the CBA's audit procedures, the Funds "shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period . . . A determination under this paragraph shall constitute presumptive evidence of delinquency." Pet. ¶ 19. (quoting Pet. Ex. E). Pursuant to the CBA, unresolved grievances are brought to arbitration before a designated arbitrator. Pet. ¶ 15.

Pursuant to the CBA, Petitioners requested an audit of Respondent's books and records in order to determine whether Respondent had remitted the proper amount of contributions to the Funds. Pet. ¶ 20. A dispute arose between the parties when Respondent refused to submit to an audit. Pet. ¶ 21. The Funds conducted an estimated audit, which revealed that Respondent failed to remit contributions in the principal amount of $890,609.43. Pet. ¶ 21. Pursuant to the CBA's arbitration clause, Petitioners initiated arbitration. Pet. ¶ 22; see Pet. Ex. F. The arbitrator found that Respondent violated the CBA when it failed to permit an audit covering the Audit Period

and ordered Respondent to pay the Funds the sum of $1,146,818.96, consisting of: (1) estimated

principal deficiency of $890,609.43; (2) interest thereon of $75,687.64; (3) liquidated damages

of $178,121.89; (4) court costs of $400; (5) attorneys' fees of $1,500; and (6) the arbitrator's fee

of $500. Pet. ¶ 24; Pet. Ex. G. To date, Respondent has failed to pay any portion of the award.

Pet. ¶ 26.

On January 7, 2019, Petitioners filed this lawsuit. Dkt. No. 1. On February 1, 2019,

Petitioners filed an affidavit of service indicating that Petitioners had served Respondent. Dkt

No. 11. Notwithstanding prodding by Court orders, *see* Dkt. Nos. 8, 10, Respondent has not

appeared or responded to Petitioners' motion to confirm its arbitration award. The Court now

resolves the unopposed motion.

## II.     Standard of Review

As a general matter, "confirmation of an arbitration award is 'a summary proceeding that

merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair &

Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750

F.2d 171, 176 (2d Cir. 1984)). A court "'must grant' the award 'unless the award is vacated,

modified, or corrected.'" *Id.* (quoting 9 U.S.C. § 9). An arbitrator's award is entitled to

"significant deference." *Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt.

Council*, 523 F. App'x 756, 760 (2d Cir. 2013). An award should be confirmed so long as the

arbitrator "acted within the scope of his authority" and "the award draws its essence from the

agreement." *Local 1199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL-CIO v.

Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992). "The arbitrator's rationale for an award need

not be explained, and the award should be confirmed if a ground for the arbitrator's decision can

be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

Only "a barely colorable justification for the outcome reached" by the arbitrator is required to confirm the award. *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

An unanswered motion to confirm an arbitration award should be treated "as an unopposed motion for summary judgment." *Id.* "In essence, 'the petition and the accompanying record' become 'a motion for summary judgment.'" *Trs. of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H. Blair & Co.*, 462 F.3d at 109). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). The same standard applies to unopposed motions for summary judgment. *See Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Even when the summary judgment motion is unopposed, the court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.* (emphasis omitted) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

## III. The Court Grants Petitioners' Motion to Confirm the Arbitration Award

Petitioners ask the Court to (1) confirm the arbitration award, (2) award Petitioners' attorneys' fees and costs, and (3) award post-judgment interest. Pet. ¶ 33.

### A. Arbitration Award

For the following reasons, the Court concludes that there are no genuine issues of material fact and that Petitioners are entitled to confirmation of the arbitration award.

First, Petitioners have presented undisputed evidence demonstrating that arbitration was appropriate in this case and that the arbitrator acted within the scope of his authority. The CBA expressly required the parties to submit to arbitration to resolve disputes. *See* Pet. ¶¶ 9-12. Respondent was thus subject to arbitration once the dispute was submitted to arbitration by the Union.

Second, there is no evidence to suggest that the amount awarded by the arbitrator was improper. The CBA requires Respondent to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions. Pet. ¶ 14. In the event that an employer refuses to comply with the CBA's audit procedures, the Funds "shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period . . . A determination under this paragraph shall constitute presumptive evidence of delinquency." Pet. ¶ 19. (quoting Pet. Ex. E). Respondent refused to allow the Petitioners to conduct an audit of Respondent's books and records. Pet. ¶¶ 20-21. Accordingly, Petitioners conducted an estimated audit, which revealed that Respondent failed to remit contributions in the principal amount of $890,609.43, and submitted the matter to arbitration in accordance with the CBA. Pet. at ¶¶ 21-22. Thereafter, the arbitrator held a hearing and issued his award in favor of the Petitioners. Pet. at ¶ 23. As a result, the arbitrator's conclusion that the Petitioners were entitled to Fund contributions has a reasonable basis that can be inferred from the facts, which is

sufficient for this Court to confirm the award. *D.H. Blair & Co.*, 462 F.3d at 110. And because Respondent has failed to oppose the motion to confirm the arbitration award, the Court has no evidence to suggest that the amount is baseless.

In light of the evidence submitted by Petitioners, the arbitrator's award had at least a "barely colorable justification." *Id.* As a result, the Court confirms the award of $1,146,818.96.

## B.    Interest

Petitioners also seek post-judgment interest on the arbitration award. Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . calculated from the date of the entry of the judgment." Awarding post-judgment interest under § 1961 is mandatory and applies to actions to confirm arbitration awards. *Trs. for The Mason Tenders Dist. Council Welfare Fund v. Euston St. Servs., Inc.*, No. 15-cv-6628 (GHW), 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016). The Court therefore grants the request for post-judgment interest.

## C.    Attorneys' Fees and Costs

Petitioners also move for attorneys' fees and costs. "[C]ourts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Abondolo v. H. & M.S. Meat Corp.*, No. 07-CV-3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases); *see also First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338*, 118 F.3d 892, 898 (2d Cir. 1997). Moreover, the CBA provides that Petitioners are entitled to reasonable attorneys' fees and costs. *See* Pet. ¶ 28. The Court will therefore award Petitioners' reasonable attorneys' fees and costs.

While the Court has discretion to determine a reasonable fee, it must abide by procedural requirements for establishing the amount. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The lodestar amount—the product of multiplying a reasonable hourly rate and a reasonable number of hours required by the case—"creates a presumptively reasonable fee." *Id.* (internal quotation marks and citations omitted). To support their requested award, Petitioners' attorneys must submit "contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Innovative Furniture Installations, Inc.*, No. 14-CV-2508 (ER), 2015 WL 1600077, at *5 (S.D.N.Y. Apr. 9, 2015) (internal quotation marks and citation omitted).

Petitioners were represented by three attorneys from the law firm of Virginia & Ambinder, LLP. Associate Paige Davis billed her time at a rate of $275 per hour. Pet. ¶ 32; Pet. Ex. H. Associate Kelly Malloy billed her time at a rate of $275 per hour. Pet. ¶ 33; Pet. Ex. H. Todd Dickerson, "Of Counsel" at Virginia & Ambinder, billed his time at a rate of $350 per hour. Pet. ¶ 31; Pet. Ex. H.

However, the Court cannot conclude that the $275 per hour rate for Ms. Davis and Ms. Malloy, and the $350 per hour rate for Mr. Dickerson, are reasonable hourly rates. Courts within the district have recently found these rates unreasonable, and concluded that $225 per hour was an appropriate rate for Ms. Davis and associates with her experience, and $300 per hour was an appropriate rate for Mr. Dickerson. *See Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Metroplex Serv. Grp., Inc.*, No. 18-CV-5889 (PAE), 2018 WL 4141034, at *5 (S.D.N.Y. Aug. 30, 2018); *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship,*

*Journeyman Retraining, Educ. & Indus. Fund v. Bar-Mac Constr. of NJ Inc.*, No. 18-CV-06284 (RA), 2019 WL 294768, at *5 (S.D.N.Y. Jan. 23, 2019); *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. M&B Builders Grp. Inc.*, No. 18-CV-5074 (GHW), 2018 WL 6067229, at *6 (S.D.N.Y. Nov. 19, 2018). Accordingly, the Court will calculate attorneys' fees at a rate of $225 per hour for Ms. Davis and Ms. Malloy, and $300 per hour for Mr. Dickerson.

With respect to the amount of hours billed, the Court has examined the invoice submitted by Petitioners' counsel and determines that this invoice is reasonable.

Accordingly, the Court grants Petitioners' counsel attorneys' fees in the amount of $3,765, which reflects the reduced rates explained above. Ms. Davis billed 5.4 hours at a rate of $225 per hour; Ms. Malloy billed 10 hours at a rate of $225 per hour; and Mr. Dickerson billed 1.0 hour at a rate of $300 an hour. The Court also grants the request for $78.80 in service fees and costs arising out of the Petition's filing, Pet. ¶¶ 36-37, which are standard fees and costs incurred in actions brought before this Court.

## III. Conclusion

Petitioners' motion to confirm the arbitration award of $1,146,818.96 is GRANTED. Post-judgment interest will accrue at the statutory rate. The Court also awards judgment in favor of the Petitioners in the amount of $3,765 in attorneys' fees and $78.80 in service fees and costs arising out of the proceeding. The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

Dated: May ____, 2019
        New York, New York

                                    ALISON J. NATHAN
                              United States District Judge